UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 24-cr-213 (JMC) |
| | : | |
| CHARLES R. WALTERS, | : | |
| Defendant. | : | |
| | : | |

## JOINT PRETRIAL STATEMENT

Pursuant to this Court's Order dated June 18, 2024 (ECF No. 33), the parties hereby submit this Joint Pretrial Statement, which includes: (a) written statements concerning communications about plea offers; (b) the text of proposed legal instructions relevant to Count Five – Destruction of Government Property and verdict form; (c) a list of expert witnesses; (d) a list of prior convictions; (e) lists of exhibits that the parties intend to use with brief descriptions and specific objections; (f) stipulations; and (g) a proposed schedule for the Parties' exchange of witness lists.

## STATEMENT OF THE CASE

This is a criminal case, in which the defendant, Charles R. Walters, was charged by Information with five counts: Count One, Entering or Remaining in a Restricted Building in violation of 18 U.S.C § 1752(a)(1); Count Two, Disorderly or Disruptive Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2); Count Three, Violent Entry or Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); Count Four, Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G); Count Five, Destruction of Government Property, in violation of 18 U.S.C. § 1361. ECF No. 31.

On June 14, 2024, Walters pleaded guilty before this Court to Count One of the Information pursuant to a plea agreement. *See* ECF No. 35 (attached hereto as Appendix A). He pleaded not

1

guilty to Counts Two through Five and a bench trial was set for September 17, 2024. Pursuant to the Plea Agreement, the Government agreed to dismiss Counts Two, Three, and Four at the time of sentencing. ECF No. 35 at § 4.

Walters waived indictment and trial by jury for the only remaining charge, Count Five, Destruction of Government Property, in violation of 18 U.S.C. § 1361. ECF Nos. 34, 37.

The parties agree and stipulate that the Statement of Offense sets out facts that are true and undisputed. ECF No. 36 (attached hereto as Appendix B).

    A.    **Written Statements Concerning Communications About Plea Offers**

        i.    **Government**

The only plea offer extended by the government was agreed upon by the parties. *See* ECF No. 35. The plea offer was issued on March 29, 2024, and the plea agreement and accompanying statement of offense were agreed to by the defendant on April 25, 2024.

        ii.    **Defense Counsel**

On April 25, 2024, Mr. Walters and I discussed the government's plea offer. Among the topics we discussed was the delta in sentencing exposure between a plea to the felony count and a guilty verdict on it. We also discussed his sentencing exposure if he were to contest all five counts at trial. These were topics we had discussed generally since my representation began in October 2023.

B.   **Proposed Legal Instructions**

    i.   **Proposed Instructions**

**Count Five: 18 U.S.C. §§ 1361 and 2 – Destruction of Government Property and Aiding and Abetting**[1]

Count Five of the information charges the defendant with destruction of government property, which is a violation of federal law.

Count Five also charges the defendant with aiding and abetting others to commit that offense.

Elements

In order to find the defendant guilty of this offense, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant injured, damaged, or destroyed property.[2]

Second, the defendant did so willfully.

Third, the property involved was property of the United States, or of any department or agency thereof, or any property which had been or was being manufactured or constructed for the United States, or any department or agency thereof; however, the government does not need to

---

[1] *United States v. Jenkins*, 21-cr-245 (APM) (ECF No. 78 at 24); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 27). *See also United States v. Jones*, 21-cr-213 (RJL) (ECF No. 75 at 3) (notes for bench verdict setting out elements of misdemeanor offense).

[2] Although Section 1361 refers to committing a "'depredation' against" property, the Modern Federal Jury Instructions do not use that term, instead using "damaged (*or* destroyed)," because "the term used in the statute – 'depredation' – is unlikely to be in the vocabulary of the average juror. … Instead, as courts routinely refer to 18 USC § 1361 as involving 'damage' to government property, that term is substituted."  2 Modern Federal Jury Instructions, ¶ 44A.01, Comment to Instruction 44A-4 (footnote with case citations omitted).  Similarly, the Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina (Eric William Ruschky, 2020 Online Edition) use "injured or damaged" for this element.

3

prove that the defendant knew that the property belonged to the United States.[3]

Fourth, the damage to the property in question exceeded the sum of $1,000.

Definitions

The term "department" means one of the departments of the executive branch or the legislative branch (such as Congress).

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. While the government must show that a defendant knew that the conduct was unlawful, the government does not need to prove that the defendant was aware of the specific law that his conduct violated.[4]

Aiding and Abetting

In this case, the government further alleges that the defendant committed destruction of government property, as charged in Count Five, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Five.

A person may be guilty of an offense if he aided and abetted another person in committing

---

[3] *United States v. LaPorta*, 46 F.3d 152, 158–59 (2d Cir. 1994) (Section 1361 does not require proof that defendants know that they are destroying government property; government's title to property is jurisdictional fact, not a scienter requirement); *United States v. Krause,* 914 F.3d 1122, 1127 (8th Cir. 2019) ("The plain language of the statute unequivocally does not demand that a person have knowledge that the property willfully injured or destroyed belongs to the United States. Although the word 'willfully' requires that Krause acted knowingly and voluntarily, the terms does not relate to the latter phrase: 'property of the United States.' This language merely lays out a jurisdictional prerequisite: the property must belong to the United States for a person to be guilty of this offense.") (citation omitted).

[4] As the Supreme Court has explained, "willfully" is "a word of many meanings whose construction is often dependent on the context in which it appears." *Bryan v. United States*, 524 U.S. 184, 191 (1998) (internal quotation marks omitted). "As a general matter, when used in the criminal context, a 'willful' act is one undertaken with a bad purpose. In other words, in order to establish a 'willful' violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful." *Id.* at 191-92 (internal quotation marks omitted).

the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of destruction of government property because the defendant aided and abetted others in committing this offense, the government must prove beyond a reasonable doubt the following elements:

First, that others committed destruction of government property by committing each of the elements of the offense charged, as explained above.

Second, that the defendant knew that destruction of government property was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of destruction of government property.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of destruction of government property.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's

act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense.  Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances.  However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor.  If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of destruction of government property as an aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

<u>Lesser-Included Offense</u>

In order to find the defendant guilty of the lesser offense of Count Five, that is, injuring, damaging, or destroying property of the United States, where the damage does not exceed the sum of $1,000, you must find the following elements beyond a reasonable doubt:

First, the defendant injured, damaged, or destroyed property.

Second, the defendant did so willfully.

Third, the property involved was property of the United States, or of any department or agency thereof, or any property which had been or was being manufactured or constructed for the United States, or any department or agency thereof; however, the government does not need to prove that the defendant knew that the property belonged to the United States.

### ii. Proposed Verdict

As to Count Five, the Court must consider whether Charles R. Walters is guilty or not guilty of a felony violation of 18 U,S.C. §§ 1361 and 2. If, and only if, the Court finds that Charles R. Walters is not guilty of a felony violation of 18 U,S.C. §§ 1361 and 2, the Court must consider whether he is guilty of a misdemeanor violation of 18 U,S.C. §§ 1361 and 2.

### C. Expert Witnesses

The government intends to use a witness from the Architect of the Capitol regarding the fence at issue in connection with the offense. The government expects that the witness would provide fact witness testimony regarding procurement of the fence and damage to the fence, as well as discuss records regarding the procurement process. The government has disclosed documents regarding procurement of the fence and use of the fence to defense counsel. The government has also provided prior testimony to defense counsel on these topics from the government's anticipated witness. The prior testimony of the witness was that of a fact witness. This testimony will be based on the witnesses' own professional experiences and/or lay opinions, and accordingly, the government's position is that this testimony would not constitute expert testimony. Nonetheless, in an abundance of caution, the government is providing this disclosure, and will be prepared to qualify the witness under Federal Rules of Evidence 702, 703, and 705, should the Court require it.

**D.     List of Prior Convictions**

The government does not intend to use any prior convictions for impeachment or any other purposes at trial. The government reserves the right to discuss any prior criminal activity at sentencing.

**E.     Exhibit List**

The parties will separately file a list of exhibits they intend to use in their case-in-chief with a brief description of the exhibit.

**F.     Stipulations**

Attached as Appendix C are proposed stipulations.

**G.     Schedule for Exchange of Witness Lists and Materials**

The parties have agreed to exchange witness lists and Jenks Act materials by September 16, 2024. The government has produced some witness materials and will produce all materials in its possession by September 11, 2024. The government will continue to supplement its productions with additional materials upon becoming aware of additional materials or if changing circumstances warrant additional disclosures through the time of trial.

The parties will provide witness lists to the Court on September 17, 2024, or a date convenient to the Court.

                                            Respectfully submitted,

FOR THE UNITED STATES
MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/ Cari F. Walsh*
        CARI F. WALSH
        Assistant United States Attorney
        MO Bar No. 37867
        601 D Street N.W.
        Washington, DC 20350
        Phone: (816) 426-4307
        Email: Cari.Walsh@usdoj.gov

        */s/ Sarah W. Rocha*
        SARAH W. ROCHA
        Trial Attorney
        D.C. Bar No. 977497
        601 D Street, NW
        Washington, DC 20579
        Telephone: 202-330-1735
        sarah.wilsonrocha@usdoj.gov

        **Counsel for the United States of America**

By:    */s/ Peter R. Moyers*
        PETER R. MOYERS
        The Moyers Law Firm
        601 Sawyer Terrace
        Box 5041
        Madison, WI 53705
        Phone: (608) 286-8399
        Email: peter@moyerslawfirm.com

        **Counsel for Charles R. Walters**